**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| KABIR MARINA GRAND HOTEL, LTD, D/B/A BEST WESTERN CORPUS CHRISTI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION NO. 2:18-CV-237** |
| v. | § | |
| | § | |
| LANDMARK AMERICAN INSURANCE COMPANY, BOULDER CLAIMS, LLC AND J.S. HELD, INCORPORATED, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT LANDMARK AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL**

By: *\/s/ Jay W. Brown*
**Jay W. Brown – Attorney-In-Charge**
Texas Bar No. 03138830
jbrown@winstead.com
**Bruce R. Wilkin**
Texas Bar No. 24053549
bwilkin@winstead.com
**Justin K. Ratley**
Texas Bar No. 24093011
jratley@winstead.com
600 Travis Street, Suite 5200
Houston, Texas 77002
Tel: (713) 650-8400
Fax: (713) 650-2400

**ATTORNEYS FOR DEFENDANT LANDMARK AMERICAN INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that in compliance with LR5.3 and Rule 5 of the Federal Rules of Civil Procedure, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system on August 14, 2018. Notice of this filing will be sent to opposing counsel, by operation for the Court's electronic filing system and via e-mail:

Richard D. Daly *Via Electronic Service*
rdaly@dalyblack.com
ecfs@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

*/s/ Jay W. Brown*
Jay W. Brown

**TABLE OF CONTENTS**

**Page**

I. BACKGROUND ........ 1

II. BASIS FOR REMOVAL ........ 2

A. Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and All Defendants – Plaintiff Pleaded False and/or Fraudulent Jurisdictional Facts ........ 3

B. Improper Joinder of Boulder and J.S. Held Because Plaintiff Has No Viable Causes of Action Against Them ........ 4

(1) Plaintiff improperly joined Boulder because Plaintiff has failed to state a plausible claim for relief against Boulder ........ 5

(2) Plaintiff improperly joined J.S. Held because Plaintiff has failed to state a plausible claim for relief as to J.S. Held ........ 6

C. Consent to Removal is Unnecessary ........ 8

D. Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000 ........ 8

III. CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Browning v. Sentinel Ins. Co.*,
2011 U.S. Dist. LEXIS 6592 (S.D. Tex. Jan. 24, 2011) (Atlas, J.) ....................................6, 7

*Craig Penfold Props. v. Travelers Cas. Ins. Co*.,
No. 3:14-CV-326-L, 2014 U.S. Dist. LEXIS 113233 (N.D. Tex. 2014)................................7

*Crocker v. Am. Nat'l Gen. Ins. Co.*,
211 S.W.3d 928 (Tex. App.—Dallas 2007)..............................................................................7

*Crockett v. R.J. Reynolds Tobacco, Co.*,
436 DF.3d 529 (5th Cir. 2006) ..................................................................................................2

*Dagley v. Haag Eng'g Co*.,
18 S.W.3d 787 (Tex. App.—Houston [14th Dist.] 2000, no pet.)..........................................7

*Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am*.,
No. 7:12-cv-00133-O, 2013 U.S. Dist. LEXIS 160248 (N.D. Tex. Nov. 8, 2013) .....................................................................................................................................7

*Exch. Servs. Inc. v. Seneca Ins. Co., et. al.*,
Cause No. DC-15-04519............................................................................................................7

*Exch. Servs. Inc. v. Seneca Ins. Co.*,
No. 3:15-CV-01873-M, 2015 U.S. Dist. LEXIS 141474 (N.D. Tex. Oct. 16, 2015) .....................................................................................................................................4

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*.,
818 F.3d 193 (5th Cir. 2016) ...........................................................................................2, 4, 5

*Jernigan v. Ashland Oil*,
989 F.2d 812 (5th Cir. 1993) ......................................................................................................8

*Michels v. Safeco Ins. Co.*,
544 F. App'x 535 (5th Cir. 2013)..........................................................................................2, 7

*Murillo v. Reliance Standard Life Ins. Co.*,
No. 1:16-49, 2016 U.S. Dist. LEXIS 124972 (S.D. Tex. 2016) ..............................................2

*Natividad v. Alexsis, Inc*.,
875 S.W.2d 695 (Tex. 1994)......................................................................................................7

*Rico v. Flores*,
481 F.3d 234 (5th Cir. 2007) ....................8

*Sears Roebuck & Co. v. ACM Eng'g & Envtl. Servs.*,
No. 14-11-00363-CV, 2012 Tex. App. LEXIS 2605 (Tex. App.—Houston [14th Dist.] Apr. 3, 2012, no pet.)....................7

**STATUTES AND RULES**

28 U.S.C. § 1332(a) ....................2

28 U.S.C. § 1441....................1

28 U.S.C. § 1446(a) ....................8

28 U.S.C. § 1446(b)(2)(A)....................2

28 U.S.C. § 1446(b)(2)(B) ....................1

28 U.S.C. § 1446(d) ....................8, 9

FED. R. CIV. P. 7.1....................9

FED. R. CIV. P. 8....................5

FED. R. CIV. P. 12(b)(6) ....................4

TEX. INS. CODE § 541.002....................7

TEX. INS. CODE § 541.051....................6

TEX. INS. CODE § 541.060....................6

TEX. INS. CODE § 541.061....................6

TEX. INS. CODE § 542A.006....................5

**OTHER AUTHORITIES**

JS Held Company Background, http://jsheld.com/about....................6

**DEFENDANT LANDMARK AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Landmark American Insurance Company ("Landmark") files this Notice of Removal pursuant to 28 U.S.C. § 1441, and in support shows the Court as follows:

## I. BACKGROUND

1. Plaintiff Kabir Marina Grand Hotel, Ltd d/b/a Best Western Corpus Christi ("Kabir" or "Plaintiff") commenced this lawsuit on July 27, 2018 by filing "Plaintiff's Original Petition" in the 4th County Court at Law Judicial District Court of Nueces County, Texas, bearing Cause No. 2018CCV-61340-4 (the "State Court Action").

2. Plaintiff's Petition names Landmark American Insurance Company ("Landmark"), Boulder Claims, LLC ("Boulder") and J.S. Held, Incorporated ("J.S. Held"), as defendants.

3. Plaintiff served Landmark with Plaintiff's Original Petition through Landmark's counsel's agreement to accept service on August 8, 2018, and Landmark filed its Answer in the State Court Action on August 9, 2018.

4. Boulder Claims, LLC was reportedly served on August 6, 2018, but has not answered, and Landmark is unable to identify their counsel at this time.

5. To date, J.S. Held has not been served by Plaintiff.

6. Landmark's removal is timely filed within 30 days of service of the initial pleading filed in this matter. 28 U.S.C. § 1446(b)(2)(B).

7. Because Boulder was improperly joined, and because J.S. Held was improperly joined and has not been served with service of process as of the filing of this Notice of Removal, their consent to the removal is not required.[1]

## II. BASIS FOR REMOVAL

8. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

9. As shown herein, this case involves improper joinder of defendants Boulder and J.S. Held. The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against a non-diverse defendant.[2]

10. As discussed below, Plaintiff has pleaded false and/or fraudulent jurisdictional facts as to defendants Boulder and J.S. Held in an attempt to defeat this Court's jurisdiction.[3] Although Plaintiff has pleaded that Boulder and J.S. Held are Texas citizens, they are not. In addition, even if Boulder or J.S. Held are not diverse from Plaintiff, Plaintiff has not stated a claim against either because it has no viable cause of action against either defendant, and as such their citizenship is disregarded for purposes of determining diversity.

11. There is no dispute that Plaintiff has alleged damages in excess of $75,000.

---

[1] *See* 28 U.S.C. § 1446(b)(2)(A) (requiring joinder or consent to removal by all "***properly joined and served***" defendants) (emphasis added); *Murillo v. Reliance Standard Life Ins. Co.*, Civil Action No. 1:16-49, 2016 U.S. Dist. LEXIS 124972, at *15 (S.D. Tex. 2016)(Morgan, R.).

[2] *Crockett v. R.J. Reynolds Tobacco, Co.*, 436 DF.3d 529, 532 (5th Cir. 2006); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) ("A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse.").

[3] If a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *Michels v. Safeco Ins. Co.*, 544 F. App'x 535, 538-39 (5th Cir. 2013).

12. Because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000 (exclusive of interest, costs and attorneys' fees), Landmark has properly removed this case to federal court.

## III. ARGUMENTS AND AUTHORITIES

### A. Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and All Defendants – Plaintiff Pleaded False and/or Fraudulent Jurisdictional Facts

13. Plaintiff is a resident of Nueces County, Texas.

14. Defendant Landmark is an insurance company organized under the laws of the State of New Hampshire and has its principal place of business in Atlanta, Georgia. Landmark is thus a citizen of New Hampshire and Georgia for diversity jurisdiction purposes.

15. In Plaintiff's Original Petition, Plaintiff has pleaded that Defendants Boulder and J.S. Held are both Texas Corporations.[4] Those jurisdictional facts are false and/or fraudulent in an attempt to defeat this Court's jurisdiction.

16. Defendant Boulder is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 385 Interlocken Crescent, Suite 1100, Broomfield, Colorado.[5] Boulder is thus a citizen of Colorado and Delaware for diversity jurisdiction purposes.[6]

17. Defendant J.S. Held is a corporation organized under the laws of the State of New York with its principal place of business at 50 Jericho Quadrangle Suite 117, Jericho, New

---

4 *See* Plaintiff's Original Petition at p. 2.

5 *See* Texas Application for Certificate of Authority Pursuant to Article 7.05 Texas Limited Liability Company Act attached as Exhibit E-1; *see also* Texas Franchise Tax Public Information Report dated April 17, 2017 attached as Exhibit E-2.

6 *See id*.

York.[7] J.S. Held is thus a citizen of New York for diversity jurisdiction purposes.[8] Indeed, the Northern District of Texas has already determined that J.S. Held is a New York citizen.[9]

18. Because Plaintiff is a citizen of Texas and Defendants are citizens of New Hampshire, Georgia, Colorado, New York, and Delaware, complete diversity of citizenship exists, making removal proper.

**B. <u>Improper Joinder of Boulder and J.S. Held Because Plaintiff Has No Viable Causes of Action Against Them</u>**

19. Even if Boulder or J.S. Held were not diverse defendants, their joinder to this lawsuit was improper because Plaintiff cannot establish a plausible claim for relief or cause of action against either defendant. Therefore, because they were improperly joined, their citizenship should be disregarded for jurisdictional purposes. Indeed, both Boulder and J.S. Held were improperly joined in an attempt to defeat this Court's jurisdiction.

20. A defendant is improperly joined if the plaintiff has failed to state a claim against him.[10] In making this determination, the Court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under against the in-state defendant."[11] "[I]f a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[12] "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."[13] "A federal court must apply the federal pleading

---

7 *See* Texas Application for Registration of a Foreign For-Profit Corporation attached as Exhibit E-3; *see also* Texas Franchise Tax Public Information Report dated September 2, 2015 attached as Exhibit E-4.

8 *See id.*

9 *Exch. Servs. Inc. v. Seneca Ins. Co.*, No. 3:15-CV-01873-M, 2015 U.S. Dist. LEXIS 141474, at *3, n.1 (N.D. Tex. Oct. 16, 2015)("The Court finds that Held is a citizen of New York.").

10 *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at199.

11 *Id.*

12 *Id.*

13 *Id.*

standard."[14] Only a complaint that states a plausible claim for relief under Rule 8 survives this type of analysis.[15]

21. Here, Plaintiff's Original Petition fails to state plausible claims for relief against Boulder and J.S. Held.

***(1) Plaintiff improperly joined Boulder because Plaintiff has failed to state a plausible claim for relief against Boulder***

22. Plaintiff has alleged that Boulder is an independent adjusting company that was hired by Landmark to investigate and adjust Plaintiff's claim on Landmark's behalf. Boulder may be an independent insurance adjusting company, but it was not hired by Landmark to investigate and adjust Plaintiff's claim.[16] Rather, Landmark hired Engle Martin & Associates as its independent adjuster for the claim at issue in this lawsuit.[17]

23. Because Boulder was not hired by Landmark to investigate and adjust Plaintiff's claim at issue, Boulder clearly had no involvement in Plaintiff's claim. Accordingly, Plaintiff could not possibly have any cause of action against Boulder. The fact that Boulder was not Landmark's insurance adjuster on this claim shows that Plaintiff's joinder of Boulder to the lawsuit was improper.

24. Therefore, because Boulder was improperly joined as a defendant in this action, its citizenship should be disregarded for jurisdictional purposes.

---

[14] *Id*. at 208.

[15] *Id*. at 204.

[16] *See* Exhibit F- Declaration of Leland Quon.

[17] *See* Exhibit F – Declaration of Leland Quon. The Court should also be aware that pursuant to § 542A.006 of the Texas Insurance Code, Plaintiff asked Landmark if it would accept its independent adjuster's — Engle Martin's — liability, and Landmark has agreed to do so. *See* Exhibit F. (Landmark denies that Engle Martin has any liability.) By Landmark agreeing to accept liability under § 542A.006, Engle Martin cannot be a defendant in this lawsuit. Therefore, for purposes of the removal analysis and diversity jurisdiction, Engle Martin's citizenship is irrelevant because Engle Martin is not and cannot be a defendant.

***(2) Plaintiff improperly joined J.S. Held because Plaintiff has failed to state a plausible claim for relief as to J.S. Held***

25. Plaintiff's Original Petition also fails to establish a plausible claim for relief against J.S. Held.

26. In its Original Petition, Plaintiff erroneously states that J.S. Held was an adjuster, and it alleges causes of action against J.S. Held for "Bad Faith" under section 541.060, 541.061 and 541.051 of the Texas Insurance Code.

27. J.S. Held is not an adjuster. It is a consulting firm specializing in construction consulting, property damage assessment, surety services, project and program management, engineering consulting, and environmental, health & safety services.[18] It was retained by Landmark to provide building consulting services, which included creating an estimate of repair costs based on the inspections conducted by engineers, the insured, and the independent insurance adjuster. J.S. Held does not act as an insurance adjuster, it was not hired to act as Landmark's insurance adjuster for the claim, and it did not act in the capacity of a claims adjuster.[19]

28. Texas law is very clear that building consultants, such as J.S. Held, are not adjusters and have no liability to insureds under the Texas Insurance Code.[20] An action under the Texas Insurance Code can only be maintained against an entity in the business of insurance. Building consultants are not considered persons engaged in the business of

---

[18] JS Held Company Background, http://jsheld.com/about.

[19] *See* Declaration of Leland Quon, Attached as Exhibit F.

[20] *See Browning v. Sentinel Ins. Co.*, 2011 U.S. Dist. LEXIS 6592, at *4-5 (S.D. Tex. Jan. 24, 2011) (Atlas, J.) ("[i]t is well established that Texas law does not recognize a claim under the Texas Insurance Code against independent firms who are hired to provide engineering or similar services to the insurance company" (citations omitted))

insurance under the Texas Insurance Code.[21] Both Texas state and federal courts hold that third-party contractors hired by an insurance company, like J.S. Held, cannot be held liable to an insured under the Texas Insurance Code because the scope in which they are hired is not the "business of insurance."[22]

29. Because an action under the Texas Insurance Code can only be maintained against an entity in the business of insurance, Plaintiff has no plausible claim for relief against J.S. Held. Indeed, where J.S. Held was sued by an insured for alleged Texas Insurance Code violations, the state district court dismissed the insured's alleged causes of action against J.S. Held on summary judgment because the insured had no plausible claims against J.S. Held.[23]

30. Likewise, courts in Texas also hold that third-party contractors of an insurance company cannot be held liable for "Bad Faith" because they owe no duties to the insured.[24]

31. Therefore, because Plaintiff's claims against J.S. Held clearly are not plausible or viable, J.S. Held was improperly joined to this lawsuit.

---

[21] *Id*. at *4-5 (an independent construction firm hired by the insurance company to provide an estimate or appraisal of repair costs is not a person engaged in the business of insurance for purposes of the Texas Insurance Code).

[22] *See* TEX. INS. CODE § 541.002; *see also Browning*, 2011 U.S. Dist. LEXIS 6592, at *4-5 (an independent construction firm hired by the insurance company to provide an estimate or appraisal of repair costs is not a person engaged in the business of insurance for purposes of the Texas Insurance Code); *Michels v. Safeco Ins. Co*., 544 F. App'x 535, 540 (5th Cir. 2013) (holding that an appraiser contracted by the insurer was not liable under the Texas Insurance Code); *Craig Penfold Props. v. Travelers Cas. Ins. Co*., Civil Action No. 3:14-CV-326-L, 2014 U.S. Dist. LEXIS 113233, at *13 (N.D. Tex. 2014)(holding that an engineering company who investigated and consulted with the insurance company was not liable under the Texas Insurance code because it was not engaged in the business of insurance.); *Dagley v. Haag Eng'g Co*., 18 S.W.3d 787, 793 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am*., Civil Action No. 7:12-cv-00133-O, 2013 U.S. Dist. LEXIS 160248, at *11 (N.D. Tex. Nov. 8, 2013)(dismissing an insurer's contracted engineer from a suit).

[23] *Exch. Servs. Inc. v. Seneca Ins. Co., et. al.*, Cause No. DC-15-04519; In the 68th District Court of Dallas County, Texas. A copy of the order granting summary judgment is attached as Exhibit G

[24] *See Natividad v. Alexsis, Inc*., 875 S.W.2d 695, 698 (Tex. 1994) (holding that the duty of good faith stems from a "special relationship" which exists only between the parties to the insurance contract); *Sears Roebuck & Co. v. ACM Eng'g & Envtl. Servs*., No. 14-11-00363-CV, 2012 Tex. App. LEXIS 2605, at *14 (Tex. App.—Houston [14th Dist.] Apr. 3, 2012, no pet.)("a contractor hired by an insurance company owes no duty to the insured."); *Crocker v. Am. Nat'l Gen. Ins. Co*., 211 S.W.3d 928, 938 (Tex. App.—Dallas 2007) (holding that an insurer's contractor had no legal duty to the insured).

32. In sum, because J.S. Held was improperly joined as a defendant, its citizenship should be disregarded for jurisdictional purposes.

**C. Consent to Removal is Unnecessary**

33. Named defendants that are improperly joined need not consent for removal to be proper.[25] Both Boulder and J.S. Held were improperly joined in this action. Therefore, Landmark's removal is proper and the consents of the other defendants are not necessary.

**D. Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000**

34. Plaintiff has pleaded that it seeks monetary relief over $1,000,000, which clearly is an amount in excess of $75,000, exclusive of interest, costs and attorneys' fees..[26] Therefore, the jurisdictional threshold is met and removal is proper.

## III. CONCLUSION

35. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of Nueces County, Texas promptly after the filing of this Notice.

36. As required by 28 U.S.C. § 1446(a), and Local Rule 81, a copy of each of the following are attached to (or filed contemporaneously with) this Notice:

a. All executed process in the case;

b. Pleadings asserting causes of action (Plaintiff's Original Petition, Landmark's Answer);

c. All orders signed by the state judge (none);

d. The docket sheet;

---

[25] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.")

[26] *See* Plaintiff's Original Petition at p. 2.

e. An index of matters being filed;

f. A list of all counsel of record, including addresses, telephone numbers and parties represented; and

g. a separately signed disclosure that complies with Federal Rule of Civil Procedure 7.1.

37. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

THEREFORE, Defendant Landmark American Insurance Company, pursuant to and in conformance with the requirements of 28 U.S.C. §§ 1332, 1441, and 1446, removes the case styled *Kabir Marina Grand Hotel, Ltd d/b/a Best Western Corpus Christi*, Cause No. 2018CCV-61340-4, from the 4th County Court at Law of Nueces County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division, and asks that this Court enter any orders as may be necessary and appropriate.

## APPENDIX

**Tab**

**Exhibits**


Exhibit A – Index of Documents Filed With Notice of Removal.................................................A

Exhibit B – State Court Docket Sheet...........................................................................................B

Exhibit C – Index of Documents Filed in State Court ..................................................................C
Exhibit C-1 – Plaintiff's Original Petition ................................................................C-1
Exhibit C-2 – Civil Case Information Sheet ..............................................................C-2
Exhibit C-3 – Process Request Sheet for Landmark American Insurance Company and Boulder Claims, LLC ..........................................................................C-3
Exhibit C-4 – Process Request Sheet.........................................................................C-4
Exhibit C-5 – Citation for Service on J.S. Held, Incorporated ..................................C-5
Exhibit C-6 – Citation for Service – Commissioner of Insurance for Landmark American Insurance Company ...........................................................................C-6
Exhibit C-7 – Citation for Service on Boulder Claims, LLC and Return of Service ............C-7
Exhibit C-8 – Defendant Landmark American Insurance Company's Original Answer ......C-8

Exhibit D – List of All Counsel of Record ..................................................................................D

Exhibit E – Declaration of Jay Brown ..........................................................................................E
Exhibit E-1 – Texas Application for Certificate of Authority Pursuant to Article 7.05 Texas Limited Liability Company Act...........................................................................E-1
Exhibit E-2 – Texas Franchise Tax Public Information Report dated April 17, 2017 ..........E-2
Exhibit E-3 – Texas Application for Registration of a Foreign For-Profit Corporation .......E-3
Exhibit E-4 –Texas Franchise Tax Public Information Report dated September 2, 2015.....E-4

Exhibit F – Declaration of Leland Quon ....................................................................................... F

Exhibit G – *Exch. Servs. Inc. v. Seneca Ins. Co., et. al.* order granting summary judgment and dismissing J.S. Held..............................................................................................G