United States District Court
Southern District of Texas
**ENTERED**
April 25, 2019
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| KABIR MARINA GRAND HOTEL, LTD.; dba BEST WESTERN CORPUS CHRISTI, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:18-CV-237 |
| LANDMARK AMERICAN INSURANCE COMPANY, *et al*, | § | |
| Defendants. | § | |

## ORDER

The Court is in receipt of Plaintiff's Motion to Dismiss, Dkt. No. 15; Defendant Landmark American Insurance Company's ("Landmark") Response to Plaintiff's Motion, Dkt. No. 16; and Landmark's Amended Response, Dkt. No. 17. The Court is also in receipt of Landmark's Motion to Compel Discovery, Dkt. No. 18; Landmark's Motion for Continuance of Defendants' Expert Designation Deadline, Discovery Deadline, and Dispositive Motion Deadline, Dkt. No. 20; and Landmark's Agreed Motion for Continuance, Dkt. No. 22.

### I. Background

This case arises out of a dispute over an insurance claim filed by Plaintiff following property damages incurred during Hurricane Harvey. *See* Dkt. No. 1-5, Ex. C-1, Pl.'s Pet. On July 27, 2018, Plaintiff Kabir Marina Grand Hotel, Ltd., d/b/a Best Western Corpus Christi ("Kabir") filed suit against Defendants Landmark American Insurance Company ("Landmark"), Boulder Claims, LLC ("Boulder"), and J.S. Held, Inc. ("J.S. Held"). Dkt. No. 1 at 6. Kabir alleges breach of contract and violation of the Texas Prompt Payment of Claims Statute against Landmark, and alleges bad faith against Landmark, Boulder, and J.S. Held. Dkt. No. 1-5, Ex. C-1, Pl.'s Pet. at 5–7. On August 14, 2018, Landmark filed a Notice of Removal from the

County Court of Law No. 4 of Nueces County, Texas, claiming diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. No. 1 at 7.

On October 2, 2018, the Court entered the Scheduling Order with the following deadlines: Plaintiff's Expert Report due by March 1, 2019; Defendant's Expert Reports due by April 1, 2019; Discovery and Mediation due by May 15, 2019; and Dispositive Motion Filing due by June 3, 2019. *See* Dkt. No. 11.

On February 1, 2019, Kabir filed an Agreed Motion to Dismiss, requesting the Court to dismiss with prejudice Boulder as a codefendant in the above-captioned case. Dkt. No. 15. On February 4, 2019, Landmark filed a response to Kabir's Motion to Dismiss. Dkt. Nos, 16, 17.

On February 13, 2019, Landmark filed a Motion to Compel Discovery Production. Dkt. No. 18. On March 27, 2019, Landmark filed a Motion for Continuance of Defendants' Expert Designation Deadline, Discovery Deadline, and Dispositive Motion Deadline. Dkt. No. 20. On April 19, 2019, Landmark filed an Agreed Motion for Continuance, Dkt. No. 22. The Court now considers the pending motions.

## II. Dismissal of Boulder

In its Agreed Motion to Dismiss, Kabir represents that Kabir and Boulder "have agreed upon an amicable resolution amongst themselves" and "have further agreed that the costs of court and attorney's fees shall be borne by the party incurring the same." Dkt. No. 15 at 1. Kabir therefore requests the Court to "enter an Order by which Defendant Boulder [] be dismissed with prejudice" in the above-captioned case. *Id*. Landmark opposes Kabir's motion to dismiss, asserting that "Landmark has discovery pending against Boulder," and that "dismissal at this time could impact Landmark's ability to secure documents from a party to this case." Dkt. No. 17 at 1. Landmark therefore requests the Court to "postpone ordering the dismissal of [Boulder] until such time as [Boulder] produces the requested documents to Landmark." *Id*.

Federal Rule of Civil Procedure 41 permits a court to dismiss an action at the plaintiff's request "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Here, the motion to dismiss is joined by Boulder, but not by Landmark or J.S. Held.[1] Though it is unclear why Landmark is seeking discovery from Boulder,[2] the Court declines to grant dismissal of Boulder as a codefendant until further briefing. The Court concludes that it is improper to dismiss the case at this time.

## III. Motion to Compel Discovery

In its Motion to Compel Discovery, Landmark requests the Court to compel discovery responses from Kabir. Dkt. No. 18. Landmark argues that Kabir "failed to produce responsive documents for certain Requests for Production" and instead "asserted a number of boilerplate and baseless objections, and/or referred Defendant Landmark to its document production, which failed to contain responsive documents." *Id.* at 2. Landmark states that it has conferred with Kabir several times since December 2018, but the parties have been unable to resolve their discovery dispute. *Id.* at 8.

Under Federal Rule of Civil Procedure 34, a party to whom the discovery request is directed must respond in writing within 30 days after being served. FED. R. CIV. P. 34(b)(2)(A). A party may state that it will produce copies of documents or object to the request. FED. R. CIV. P. 34(b)(2)(B), (C). Pursuant to Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if a party fails to produce documents . . . ." FED. R. CIV. P. 37(a)(3)(B)(iv). "For a motion to compel, the moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Mirror Worlds Tech., LLC v. Apple Inc.*, No. 6:13-CV-419, 2016 WL 4265758, at *1 (E.D.

---

[1] J.S. Held has not made an appearance in this case and has therefore not represented to the Court whether it opposes Plaintiff's Motion to Dismiss Boulder, Dkt. No. 15.

[2] Landmark represents in its Notice of Removal that Kabir improperly joined Boulder, alleging that Boulder "was not hired by Landmark to investigate and adjust Plaintiff's [insurance] claim," and therefore "clearly had no involvement in Plaintiff's claim" and "could not possibly have any cause of action against Boulder." Dkt. No. 1 at 10.

Tex. Mar. 17, 2016) (citation and internal quotation omitted). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Here, Landmark argues that Kabir has failed to sufficiently produce documents in response to 27 specific Requests for Production,[3] Requests for Production related to documents reflecting evaluations or inspections of the property before and after Hurricane Harvey, and Requests for Production of witness statements relating to Kabir's allegations in this suit. *See* Dkt. No. 18 at 3–6. The Court finds Landmark's Requests for Production to fall within the permissible scope of discovery, as documents related to the recovery and repair of property damages incurred during Hurricane Harvey are relevant to this action. Further, Kabir has not filed a response and is therefore unopposed. *See* Southern District Local Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition."). Accordingly, the Court grants Landmark's Motion to Compel Discovery Production, Dkt. No. 18.

## IV. Motions for Continuance

In its Motion for Continuance, Landmark requests an extension of deadlines for Defendants' Expert Reports, Discovery, and Dispositive Motions. Dkt. No. 20. Landmark asserts that Kabir "continues to delay the discovery process" and "has not provided critical documents and has not allowed any deposition to go forward." *Id.* at 2. Landmark therefore requests a 60-day extension of certain deadlines so that depositions can be rescheduled, documents can be produced, and Landmark can prepare its defense and fully evaluate the case. *Id.* at 3. Kabir is unopposed.[4] In

[3] Landmark lists the following Requests for Production to which Kabir did not respond: Nos. 9–32, 39, 42, 47. *See* Dkt. No. 18 at 4–5.
[4] *See* Southern District Local Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

the Agreed Motion for Continuance, filed almost a month later, Landmark and Kabir both request a 3-month extension of certain deadlines. Dkt. No. 22.

Federal Rule of Civil Procedure Rule 16 provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., LLC, v. SouthTrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). The Fifth Circuit has set forth four factors to determine good cause: (1) the explanation for the failure to complete discovery on time; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012); *see S&W Enters.*, 315 F.3d at 535.

Landmark represents that due to Kabir's continuous discovery delays, "it does not appear that Landmark will be able to obtain the necessary testimony to fully prepare its experts before the expert designation deadline" nor "prepare[] for trial or dispositive motions by the May 15, 2019 discovery deadline." Dkt. No. 20 at 6. In support of its motion, Landmark provides a detailed chronology of events throughout the discovery process. *See id.* at 3–6. Landmark sufficiently demonstrates its diligence in attempting to obtain discovery. Further, both parties agree that an extension is necessary for the parties to complete discovery and prepare its arguments for their dispositive motions and trial. *See* Dkt. No. 22. Accordingly, the Court finds good cause to modify the scheduling order.

## V. Conclusion

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Dismiss, Dkt. No. 15. Further, the Court **GRANTS** Defendant's Motion to Compel Discovery, Dkt. No. 18; **GRANTS IN PART** Defendant's Motion for Continuance, Dkt. No. 20; and **GRANTS IN PART** Defendant's Agreed Motion for

Continuance, Dkt. No. 22. The Court therefore **VACATES** and **RESETS** the following deadlines:

- Discovery due by: 7/26/2019
- Mediation due by: 7/26/2019
- Dispositive Motions due by: 8/15/2019
- Joint Final Pretrial Order due by: 9/27/2019
- Final Pretrial Conference: 10/10/2019 at 1:30 p.m.

The Court reminds the parties that the discovery process is intended to be carried out primarily by them without unnecessary judicial intervention.

Further, the Court **ORDERS** Plaintiff to file proof of service of Defendant J.S. Held.[5] If service has not been made, then Plaintiff has until **May 3, 2019** to serve J.S. Held, or otherwise inform the Court of how it intends to proceed against J.S. Held. Without timely proof of service, the Court may dismiss without prejudice J.S. Held as a codefendant in the above-captioned case pursuant to Federal Rule of Civil Procedure 4(m).

SIGNED this 24th day of April, 2019.

Hilda Tagle
Senior United States District Judge

[5] The Notice of Removal and accompanying documents do not contain proof of service of Defendant J.S. Held. *See* Dkt. No. 1. Further, Kabir, Landmark, and Boulder represent in the Joint Discovery/Case Management Plan that J.S. Held "has not appeared in this case and did not participate in the conference." Dkt. No. 10 at 1.